IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:10CR71-1 |
| | : | |
| v. | : | |
| | : | |
| DARIUS TREMAYNE BROOKS | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, DARIUS TREMAYNE BROOKS, in his own person and through his attorney, John A. Dusenbury, Jr., and state as follows:

1. The defendant, DARIUS TREMAYNE BROOKS, is presently under Indictment in case number 1:10CR71-1, which in Count One charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), possession of a firearm by a convicted felon; and Count Two charges him with a violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4), unlawful possession of a firearm in a school zone.

2. The defendant, DARIUS TREMAYNE BROOKS, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, DARIUS TREMAYNE BROOKS, understands that the maximum term of imprisonment provided by law for Count One of the Indictment is not more than ten years, and the maximum fine for Count One of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." The defendant, DARIUS TREMAYNE BROOKS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

b. The defendant, DARIUS TREMAYNE BROOKS, further understands that upon the acceptance by the Court of a guilty plea to Count One of the Indictment, the defendant could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e)(1) at the time of sentencing if the defendant has three previous convictions by any court for a violent felony or a serious drug offense, committed on occasions different from one another. If the Court determines that Title 18, United States Code, Section 924(e)(1) is applicable, the term of imprisonment shall be not less than fifteen years. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The defendant, DARIUS TREMAYNE BROOKS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed

on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, DARIUS TREMAYNE BROOKS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, DARIUS TREMAYNE BROOKS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented,

and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DARIUS TREMAYNE BROOKS, is going to plead guilty to Count One of the Indictment herein because or he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, DARIUS TREMAYNE BROOKS, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, DARIUS TREMAYNE BROOKS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is further understood that if the Court determines at the time of sentencing that the defendant, DARIUS TREMAYNE BROOKS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, DARIUS TREMAYNE BROOKS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, DARIUS TREMAYNE BROOKS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

5

entered into unless executed in writing and signed by all the parties.

This the 24 day of ~~May~~ June, 2010.

ANNA MILLS WAGONER
United States Attorney

_____
JOHN A. DUSENBURY, JR.
Attorney for Defendant

_____
MICHAEL F. JOSEPH
NCSB #6698
Assistant United States Attorney

_____
DARIUS TREMAYNE BROOKS
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351